<table>
<tr><td>

DISTRICT COURT, DENVER COUNTY, COLORADO
1437 Bannock Street, Room 256
Denver, CO 80202

Plaintiff:

JACQUELINE R. MARTINEZ

v.

Defendant:

AUTO OWNERS INSURANCE COMPANY

</td><td>

DATE FILED: September 12, 2022 12:21 PM
FILING ID: 9281F47A1FA88
CASE NUMBER: 2022CV32624

</td></tr>
</table>

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202 | DATE FILED: September 12, 2022 12:21 PM<br>FILING ID: 9281F47A1FA88<br>CASE NUMBER: 2022CV32624 |
| Plaintiff:<br><br>JACQUELINE R. MARTINEZ<br><br>v.<br><br>Defendant:<br><br>AUTO OWNERS INSURANCE COMPANY | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff:<br>Brian J. Lampert, Atty. Reg. # 9437<br>LAMPERT & WALSH, LLC<br>5281 S. Quebec Street<br>Greenwood Village, CO 80111<br>Ph: (720) 489-5848<br>e-mail: chowder22@comcast.net | Case No.: **2022 CV**<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff Jacqueline Martinez by and through her counsel, Lampert & Walsh, LLC, and for her Complaint hereby states and alleges the following:

## GENERAL ALLEGATIONS

1.  Plaintiff Jacqueline Martinez (hereinafter "Plaintiff") at all times relevant hereto resided in the City of Centennial, County of Arapahoe, State of Colorado.

2.  Upon information and belief, at all times relevant to this action, Defendant Auto Owners Insurance (hereinafter "Defendant" or "Auto Owners") is an insurance company, licensed by the Commissioner of Insurance to write insurance policies in the state of Colorado. The Defendant is a corporation licensed to transact lawful business within the State of Colorado.

3.  Defendant Auto Owners has its principal place of business in Michigan and is not a resident of Colorado. The registered agent is the Colorado Division of Insurance, 1580 Broadway, Denver, Colorado 80202.

4.  Plaintiff Martinez brings this action for compensatory and statutory damages arising from a motor vehicle collision that occurred on May 18, 2018, in Arapahoe County, Colorado. Plaintiff seeks the benefits of her underinsured motorist and umbrella policy with Defendant, as well as for compensatory damages and statutory benefits.

5.  Venue in this Court is proper pursuant to C.R.C.P. 98(c)(1) in that an action upon contract against an out-of-state defendant may be tried in any country in which the defendant may

be found in this state, Colorado.

6.    The Court has jurisdiction over the subject matter at issue because this is a civil action
for damage or equitable relief pursuant to *Colo. Const. Art. VI, §9(1).*

## FACTUAL ALLEGATIONS

7.    On May 18, 2018, Daniel R. Willcox (hereinafter "Tortfeasor") failed to stop at a red left
turn signal and collided with a vehicle driven by Plaintini Lukombo Masanga (an Uber
driver). Plaintiff Martinez was a passenger in Mr. Masanga's vehicle during the violent
collision which occurred at the intersection of Smokey Hill Road and the Northbound E-
470 on-ramp in Arapahoe County, Colorado.

8.    The Tortfeasor operated his vehicle improperly and negligently without due regard for
the safety of other drivers or the traffic conditions that existed at the time of this collision.
The Tortfeasor was operating his vehicle with a revoked license,  he drove his vehicle
while under the influence of alcohol while having an open alcoholic beverage container
inside his vehicle, he failed to yield the right-of-way when turning left, failed to provide
proof of insurance upon request, and engaged in careless driving, all of which constitutes
negligence *per se,* vehicular assault, and willful and wanton conduct.

9.    As a direct and proximate result of this negligence, Plaintiff has suffered displaced fracture
of seventh cervical vertebra,  osteophytes, spinal stenosis cervical region, other
spondylosis cervical region, sprain of ligaments of cervical spine, MRI evidence of
cervical cord injury, myofascitis, neck pain, cervicogenic headaches, back pain,
concussion, post – concussion syndrome, vertigo, contusion of other part of head
(glabella), depression of right temple and hyperpigmentation of skin, skin sensation
disturbance, chronic depression, major depressive disorder cognitive decline, anxiety,
insomnia, post-traumatic stress disorder, sensorineural hearing loss of right ear with
restricted hearing of left ear, post-traumatic, post-cervical suboccipital, contusion of head,
vestibular neuronitis of the left ear, benign paroxysmal positional vertigo of the left ear,
Mild traumatic brain injury,  Contusion of abdominal wall, visible indention of right ribs
along anterior chest (scarring & cyst), multiple fractures of the ribs-right side, shoulder
impingement requiring a rotator cuff repair, chronic right shoulder pain with subacromial
impingement, right shoulder pain, bicep tendinitis, partial thickness subscapularis tear, and
long head of biceps tendinopathy with subluxation, and muscle weakness.

10.    As a further and direct result of the above-described accident, Plaintiff endured pain and
suffering, physical impairment, loss of income, and loss of enjoyment of life. Due to the
permanency of her injuries, Plaintiff has suffered a lack of employment opportunities in
a specialized field, and impairment of both past and future earning capacity.

11.    As a direct and proximate result of the Tortfeasor's negligence, Plaintiff Martinez
suffered physical injuries resulting in non-economic damages in the past. Today and for
the foreseeable future, Plaintiff continues to suffer from cognitive impairment, physical

limitations, emotional stress, lifestyle disruption, and loss of quality and enjoyment of life.

12.    As a direct and proximate result of the Tortfeasor's negligence, Plaintiff Martinez suffered physical injuries which have resulted in other economic and non-economic damages and losses.

13.    Neither Plaintiff Martinez nor the driver of the Uber vehicle was comparatively negligent and did not cause the collision.

## The Underlying Liability Settlement

14.    At all times relevant to this action, the Tortfeasor had auto liability insurance with Liberty Mutual Insurance ("hereinafter Liberty Mutual") with policy limits of $100,000.00 per person and $300,000.00 per collision.

15.    In addition, at all times relevant to this action, Plaintiff was a passenger in an Uber driven vehicle who had automobile underinsured motorist benefits issued by Progressive in the amount of a single limit policy of one-million dollars.

16.    On or about December 4, 2020, Liberty Mutual paid policy limits of $100,000.00 in the full amount of his coverage for Plaintiff Martinez's claims against the Tortfeasor arising from the May 18, 2018, car accident.

17.    At all times Plaintiff complied with all terms and conditions of the relevant UIM and umbrella policies with both Progressive and Auto Owners Insurance Company.

18.    Plaintiff provided documentation to Progressive detailing Plaintiff's incurred past and future economic and non-economic damages as a result of the May 18, 2018 car accident, including wage loss which exceeded the term of the policy.

19.    On or about December 1, 2020, Progressive issued an initial _Fisher_ payment to Plaintiff Martinez in the sum of $128,887.00, as undisputed funds.

20.    On or about May 13, 2021, Plaintiff's counsel, submitted a demand letter along with supporting documentation for underinsured motorist benefits under Uber's policy to Progressive.

21.    On or about June 23, 2021, Progressive offered $251,000.00 (including the amounts of all previous Progressive payments) to Plaintiff Martinez for full settlement of her underinsured motorist claim.

22.    On or about July 27, 2021, Progressive tendered an additional _Fisher_ payment in the amount of $122,113.00 for a total of $251,000.00 as an undisputed amount to Plaintiff Martinez.

23.     On or about June 6, 2022, Progressive paid the entirety of their single limit policy to Plaintiff and to a second occupant of the same vehicle. This amount was insufficient to fully compensate Plaintiff for her injuries, damages and losses from the May 1, 2018 collision.

**Plaintiff's Auto Owners Insurance Underinsured Motorist Coverage Policy**

24.     At the time of the 2018 collision, Plaintiff was insured by Defendant, Auto Owners Insurance Company (hereinafter "Auto Owners") which provided UIM coverage with limits of $500,000.00 per person / $500,000.00 per occurrence.

25.     At the time of the 2018 collision, Plaintiff Martinez was also insured by Auto Owners under an umbrella policy, which provided coverage in the amount of 3 million dollars each occurrence.

**Plaintiff's Initiation of UIM Claim with Auto Owners Insurance**

26.     Plaintiff initiated a UIM claim with Auto Owners following the collision. And was assigned a UIM claim number of 300-0144636-2018 for the subject collision.

27.     Plaintiff provided Auto Owners comprehensive liability documents, medical records and bills related to this claim at their expense.

28.     Plaintiff demanded that Auto Owners tender benefits within the limits of the underinsured motorist coverage for the injuries, damages, and losses she sustained in the 2018 collision.

**Auto Owners Insurance Company's Handling of Plaintiff's UIM Claim**

29.     On or about July 21, 2022, Defendant Auto Owners requested the Plaintiff's independent medical examinations.

30.     On September 1, 2022, Plaintiff was examined by orthopedic surgeon, Mark Failinger, M.D.

31.     On September 2, 2022, Plaintiff was examined by psychiatrist, Hal S. Wortzel, M.D.

32.     No offers or _Fisher_ payments have been made as of the filing of this complaint by Defendant to resolve the claim.

**Plaintiff's Filing of Suit Against Auto Owners**

33.     Due to Auto Owners refusal to provide reasonable damages evaluations, and failure to provide timely and reasonable offers of settlement, Plaintiff was required to file suit

4

against Auto Owners for recovery of the UIM and umbrella benefits owed, under the law, for breach of contract, bad faith, and for violation of C.R.S. §§ 10-3-1115 & 1116.

34.    At no time did Plaintiff fail to cooperate with Defendant related to its investigation or handling of the either the UIM claim or the umbrella claim. Plaintiff communicated with UIM carrier Auto Owners as to the progress of both Plaintiff's Liberty Mutual and Progressive UIM claims and notified Defendant promptly as to the settlement of each of these claims. Plaintiff provided additional liability and damages documentation, as requested, and attended IME exams as requested by to Auto Owners and complied with all reasonable requests for information.

35.    All conditions precedent to coverage under the policy have been satisfied, or such conditions are waived by Defendant's bad faith and unreasonable conduct as described herein.

## FIRST CLAIM FOR RELIEF
[UIM Claim Against Defendant-Auto Owners]

36.    Plaintiff Martinez hereby incorporates all preceding allegations.

37.    Defendant, under its policies of underinsured motorist coverage, is responsible for paying for Plaintiff Martinez's injuries, damages, and losses, which Defendant is legally obligated to pay, and which exceed the amount of the tortfeasor policy with Liberty Mutual and Uber's UIM policy with Progressive.

38.    Plaintiff Martinez's current injuries, and wage loss damages, exceed the tortfeasor's and Progressive's UIM policy.

39.    Plaintiff Martinez seeks judgment against Defendant under the two existing policies issued by Auto Owners for an amount that fairly and justly compensates her for the injuries, damages, and losses she has sustained at the hands of an underinsured motorist.

## SECOND CLAIM FOR RELIEF
[UIM Breach of Contract Claim]

40.    Plaintiff Martinez hereby incorporates all preceding allegations.

41.    At all times relevant hereto, Plaintiff was insured with Defendant under policies of motor vehicle insurance which additionally provided UIM and umbrella coverage for Plaintiff Martinez.

42.    Plaintiff Martinez has settled both her underlying injury claims with carriers Liberty Mutual and Progressive for  limits with the approval and consent of Defendant.

43.    Defendant, under its policy of underinsured motorist and umbrella coverage, is responsible for paying for Plaintiff Martinez's additional injuries, damages, and losses which exceed the Liberty Mutual and Progressive UIM policies.

44.    Plaintiff Martinez's damages exceed their pro-rata policy limits settlements of the two policies. At the time of the collision, Plaintiff Martinez's Auto Owners UIM policy provide coverage of $500,000 and Auto Owners umbrella policy provided liability limits of 3 million dollars per occurrence.

45.    Defendant has breached its contract with Plaintiff Martinez by refusing to fully pay the benefits owed under either UIM or umbrella policy.

46.    As a direct and proximate result of Defendant's breach of contract, Plaintiff Martinez has incurred damages, to include attorney's fees and costs of filing this lawsuit.

## THIRD CLAIM FOR RELIEF
[Bad Faith Breach of Insurance Contract]

47.    Plaintiff Martinez hereby incorporates all preceding allegations.

48.    As a first party claim, Defendant had and has a duty to deal in good faith with Plaintiff Martinez regarding her own underinsured motorist and umbrella policy claims.

49.    Plaintiff Martinez has complied with the terms of her underinsured motorist and umbrella policies.

50.    Defendant has breached its duty by unreasonably investigating, evaluating, delaying, and/or denying payment of the underinsured motorist policy benefits and forcing Plaintiff Martinez to enter into litigation to recover the benefits that she is owed.

51.    Defendant's handling of the UIM claim and denial of benefits was undertaken in bad faith is substantiated by the following facts, actions, and/or omissions:

    a.    Auto Owners failure and/or refusal to reasonably consider and fairly evaluate available and pertinent information;

    b.    Auto Owners refusal to pay benefits without conducting a reasonable investigation based upon all information;

    c.    Auto Owners reliance on biased, incorrect, and/or self-serving information and opinions;

    d.    Auto Owners disregard for the observations and opinions of Plaintiff Martinez's professional  medical treatment providers in favor of the observations and opinions of non-treaters;

e.    Auto Owners failure to articulate a rationale for   unreasonably dismissing the observations and opinions of Plaintiff Martinez's treatment providers in favor of the observations and opinions of non-treaters;

f.    Auto Owners insistence on reaching conclusions that run counter to the weight of the evidence;

g.    Auto Owners failure to promptly pay Plaintiff Martinez's UIM and/or umbrella benefits without a reasonable basis;

h.    Auto Owners decision to deprive Plaintiff Martinez of the benefits and protections of the policy;

i.    Auto Owners decision to place its interests above those of its insured;

j.    Auto Owners decision to engage in conduct prohibited by C.R.S. §§ 10-1-101 and 10-3-1104(1)(h);

k.    Auto Owners forcing Plaintiff Martinez to file suit; and

l.    Other conduct to be discovered in the course of these proceedings.

52.    Defendant's delay or denial of payment of its insureds underinsured motorist and umbrella policy benefits is unreasonable and in bad faith and is in violation of C.R.S. § 10-3-1113(4), C.R.S. § 10-3-1104 and its subparts and other statutes and laws of the State of Colorado.

53.    Defendant knew that its conduct was unreasonable and/or acted in ~~reckless~~ disregard of such knowledge.

54.    As a direct and proximate result of Auto Owners bad faith breach of contract, Plaintiff Martinez has suffered and continues to suffer, injuries, damages, and losses.


### FOURTH CLAIM FOR RELIEF
[Violation of C.R.S. § 10-3-1114, 1115, and 1116 et seq.- Statutory Bad Faith-Plaintiff Martinez]

55.    Plaintiff Martinez hereby incorporates all preceding allegations.

56.    Pursuant to C.R.S. §§ 10-3-1115 and -1116, a person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

57.    Defendant is an entity engaged in the business of insurance in the State of Colorado.

58.    Plaintiff Martinez is the first party to the insurance contract with Defendant and is seeking benefits provided by the policy.

59.     Auto Owners may not unreasonably delay or deny payment to Plaintiff Martinez of UIM and/or umbrella benefits owed under the policy.

60.     Auto Owners has failed to pay Plaintiff Martinez UIM and/or umbrella benefits owed under the policy. Further, Defendant has failed to make any past *Fisher* payments based upon their limited investigation.

61.     Auto Owners lacks a reasonable justification for its failure to pay to Plaintiff Martinez the UIM and/or umbrella benefits owed under the policy.

62.     Auto Owners unreasonable delay and denial of benefits constitute one or more violations of C.R.S. §§ 10-3-1115 and -1116.

63.     Auto Owners statutory violations have caused Plaintiff Martinez to suffer, and to continue to suffer, injuries, damages, and losses.

64.     Pursuant to C.R.S. § 10-3-1116, Plaintiff Martinez is entitled to recover reasonable attorney's fees, costs, and two times the covered benefit unreasonably delayed or denied by State Farm.

        WHEREFORE, Plaintiff Martinez prays for all available compensatory damages, economic and noneconomic, against Defendant, together with interest from the date of injury, costs, expert witness fees, reasonable attorney's fees pursuant to C.R.S. § 10-3-1116, reasonable costs, two times the covered benefits pursuant to C.R.S. § 10-3-1116, pre-judgment and post-judgment interest, and such other and further relief as the Court deems just and equitable.

**PLAINTIFF MARTINEZ DEMANDS A TRIAL BY JURY ON ALL ISSUES**

        Respectfully submitted this 12th day of September 2022,

**LAMPERT & WALSH, LLC**

*A duly signed original is on file at the
law offices of Lampert & Walsh, LLC*

*/s/ Brian J. Lampert*
Brian J. Lampert, Esq.
Attorney for Plaintiff

Jacqueline Martinez Address:
5168 S. Memphis Court
Centennial, CO 80015